The same Case upon a Rehearing.
Haréis, J.,
delivered the opinion of the Court.
SiNCE the opinion of the Court was announced in this case on a previous day of the term, the counsel for the defendants have presented a petition, in which they call the attention of the Court to that part of the opinion in which the Court say, “Treating the verdict of the jury just as we would if the facts had been found by the Chancellor himself, we order a decree for the complainant,” etc. And they insist that, as this Court find the facts different from the finding of the jury, we should merely reverse the decree, and remand the cause to the Chancery Court for another trial of the facts before a jury. This point, though not elaborated in the opinion, was at least well considered by the Court. According to the English Chancery practice, when the Chancellor, in his discretion, deemed it necessary, he would order an issue out of Chancery to be tried in a Court of Law; and on the coming in of the verdict, he had the power to set it aside if he thought it contrary to the evidence, and find the facts- for himself, etc. But the English practice is changed by the 14th section of the act of 1806, ch. 122, Nich. Sup., 125, which provides “ that, from and after the passage of this act, it shall be the duty of the Chancellors of this State, upon the application of either of the parties, to empanel a jury to try and determine any issue of fact involved in any case pending in said Courts; the finding of which jury shall be final and conclusive upon the Chancellor so far as the facts involved in the issue are concerned: Provided, the Chancellors shall have power to grant new trials under the same rules and regulations that the Circuit Courts now have power to grant new trials.” By force of this statute, it is *510 insisted we are bound to remand the cause for another trial of the facts before the jury; and to sustain this assumption we are referred to our own decision in the case of Farnsworth vs. Arnold et al., 3 Sneed, 252.
We have already said, in the opinion delivered, that we do not think that the issue of fact which was submitted to the jury in the Chancery Court was an issue involving the most material question in this cause. And, as we think, it would follow as a legal consequence that the Chancellor was not bound thereby, as the cause must be decided upon a wholly different principle, which was not submitted to the jury. And certainly this statute does not require that this Court should remand a cause to the Chancery Court to have an issue of fact made up to be tried by a jury when there is not a member of the Court that entertains any doubt as to what the facts are. “A repleader is not grantable (even at law) in favor of a person who made the first fault in pleading.” 1 Humph., 85. It is certainly the duty of the party applying for a jury, under this statute, to see that he submits a proper issue; and it is too late, after he gets into this Court, to have the cause remanded for that purpose. He has had his day in Court.
The construction of this statute contended for is, as we think, neither within its letter nor spirit; would be productive of great delay and expense; and is certainly against sound policy. And we can see no reason for giving a liberal construction that we may thereby produce such evils.
As to the case of Farnsworth vs. Arnold et al., we do not think it bears the most remote analogy to this case. In that case there never was a jury asked for in *511 the Chancery Court. The cause was heard by the Chancellor upon bill, answer, and proof. But the Chancellor, not being satisfied that the complainant had shown such title to the slave in controversy as authorized him to decree a perpetual injunction of a sale under an execution, retained the bill for further directions, and gave the complainant leave to bring his action at law, to try the right to the property. Such action was brought, and three verdicts were had in favor of the plaintiff, the first two of which the Circuit Judge set aside, and the third he refused to disturb; and there was an appeal to this Court, where the judgment was affirmed. All of which was certified to the Chancellor, who, upon a mere technicality, refused to be governed by the decision at law, and dismissed the bill; and the complainant appealed to this Court, where the decree was reversed, and a perpetual injunction granted, and complainant’s judgment at law was also enjoined.
It does not appear in the report, but in that case this Court ,was urged to remand the cause to the Chancery. Court to have an “issue of fact” tried by a jury, which this Court declined to do; and yet that case is relied upon to induce the Court to do in this cause what it refused to do in that.
We are satisfied that the opinion already pronounced is correct, and we cannot change it.